**UNITED STATES of America**

v.

**John M. POINDEXTER.**

**Crim. No. 88–0080–01 (HHG).**

United States District Court, District of Columbia.

Feb. 8, 1990.

---

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

On February 7, 1990, in response to the Court's Order of the same date, counsel for President Reagan answered in the affirmative the Court's question whether the former President's filing of February 5, 1990 was "intended to constitute a formal claim by the President of executive privilege...." That answer lays to rest the question whether the former President has asserted the doctrine of executive privilege in relation to the defense demand for certain diary entries. Several consequences ensue from the making of the executive privilege claim. One of these, which relates to certain *ex parte* filings by the defendant, is discussed below.

In its December 21, 1989 Opinion, the Court rejected requests by President Reagan and the Department of Justice for *ex parte* filings by the defendant regarding his defenses and his need for documents from the former President. The Court allowed such filings to be made *ex parte* because, in view of the presumption of innocence, a criminal defendant is not required, absent special and countervailing circumstances, to reveal his defenses and the theories underlying them in advance of his presentation of evidence at the trial. However, as the Court stated in the December 21, 1989 Opinion, and again on January 30, 1990, the protection of the prerogatives of the Presidency presents such a special and countervailing circumstance. Accordingly, once these prerogatives have been formally advanced in court by way of a claim of executive privilege, the President is entitled to the *ex parte* filings. Access to these filings will, of course, assist in enabling the President to make his presentation to the Court regarding the balance to be struck between the defendant's need for the Presidential documents and the legitimate prerogatives of the Presidency.

The Court has identified three sets of documents which were filed with the Court *ex parte* and which may be considered as containing proffers of Poindexter's defenses and of discussions of the relevancy and materiality of the documents at issue: (1) Defendant's Motion to Compel Classified Discovery filed June 12, 1989, which includes a section entitled "Theories of Defense"; (2) Defendant's Ex Parte Statement Regarding Presidential and Vice Presidential Materials, filed September 18, 1989; and (3) Defendant's Memorandum Regarding the Materiality of Documents Subpoenaed from Former President Reagan, filed on January 8, 1990. Copies of these documents must therefore forthwith be provided to the former President.

On December 21, 1989, the Court further ruled that, upon the assertion of executive privilege by the former President, the Department of Justice, acting on behalf of President George Bush, would

likewise be entitled to receive copies of defendant's proffers of his defenses. In accordance with that ruling, defendant will be required to furnish copies of the three documents in question at the same time to the Department of Justice.

However, unlike former President Reagan, President Bush has not advanced a claim of executive privilege with respect to the diary entries, a claim to which, as the incumbent President, he is entitled under *Nixon v. General Services Administration*, 433 U.S. 425, 448–49, 97 S.Ct. 2777, 2792–93, 53 L.Ed.2d 867 (1977).[1] Accordingly, although the *ex parte* documents are being provided to the Department, in the absence of a claim of executive privilege by the incumbent President the interests of the current Presidency[2] will not receive the benefit of the higher standard of review of defendant's demands that, under the law, would flow from such a claim.[3]

For the foregoing reasons, it is this 8th day of February, 1990

ORDERED that defendant shall furnish to counsel for former President Reagan and to the Department of Justice copies of his June 1, 1989, September 18, 1989, and January 8, 1990 *ex parte* filings not later than February 9, 1990.

---

[1] In its February 7, 1990 filing, the Department of Justice, acting on behalf of President Bush, has expressly reserved to a later date the decision whether the incumbent President will claim executive privilege.

[2] The privilege relating to national security, foreign affairs, and burdensomeness considerations is that of the incumbent, rather than the former President.

[3] It has been authoritatively held that an assertion of executive privilege by a former President is entitled to less weight than such an assertion by an incumbent President. *Nixon v. GSA, supra; Dellums v. Powell,* 561 F.2d 242, 245–48 (D.C.Cir.1977). As the Supreme Court noted in *Nixon v. GSA,* this is so because (1) an "incumbent President is vitally concerned with and in the best position to assess the present and future needs of the Executive Branch, and to support invocation of the privilege accordingly," *id.* at 449, 97 S.Ct. at 2793; and (2) "there are obvious political checks against an incumbent's abuse of the privilege," *id.* at 448, 97 S.Ct. at 2792. It follows that a decision by an incumbent President not to invoke executive privilege with respect to the papers of a former President would affect the balancing of interests a court must conduct under *United States v. Nixon,* 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).